Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [6]**

This matter is before the Court on Defendant Daikin Applied Americas, Inc.'s ("Daikin") motion to dismiss. [Doc. # 6.] On May 20, 2015, the Court took the motion under submission because it deemed it appropriate for decision without oral argument. [Doc. # 15.] Having duly considered the parties' written submissions, the Court renders the following decision.

**I.
PROCEDURAL BACKGROUND**

On February 26, 2015, Plaintiff Kavlico Corp. ("Kavlico") filed its complaint in the Superior Court of California, County of Ventura, alleging breach of contract and common counts against Daikin and seeking declaratory relief. (Declaration of Kurt W. Beyerchen, Jr. in Support of Defendant's Notice of Removal ¶ 3, Exh. A ("Pl.'s Compl."). [Doc. # 1.] Following Kavlico's suit in California, Daikin filed a complaint in the United States District Court for the District of Minnesota. (Declaration of Kurt W. Breyerchen, Jr. in Support of Defendant's Motion to Dismiss ("Breyerchen Decl.") ¶ 5, Exh. C ("Def.'s Compl.") [Doc. # 6].)

On April 2, 2015, Daikin removed this case to federal court on the basis of diversity of citizenhip. [Doc. # 1.] On April 16, 2015, Daikin filed the instant motion to dismiss for lack of subject matter jurisdiction and improper venue. [Doc. # 6.] On May 1, 2015, Kavlico filed an opposition. [Doc. # 11.] On May 8, 2015, Daikin filed a reply. [Doc. # 14.]

**II.
FACTUAL BACKGROUND**

Kavlico is a California corporation with its principal place of business in Moorpark, California. (Pl.'s Compl. ¶ 1.) Daikin is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. (*Id.* ¶ 2.) Daikin manufactures commercial HVAC systems and sells them in California and throughout the United States. (*Id.*)

Beginning in or about June 2012, Kavlico offered to sell transducer components used in HVAC systems to Daikin. (*Id.* ¶ 5.) In response to the sales offer, Daikin issued its own purchase orders. (*Id.* ¶¶ 5-7.) Kavlico then shipped the transducers to Daikin pursuant to Daikin's written request. (*Id.*)

Each party's sales documentation included a different set of "Terms and Conditions" ("T&Cs"). Kavlico's T&Cs contain an arbitration provision. (*Id.* at 4.) Daikin's T&Cs include a forum selection clause that restricts litigation to a specific venue in Minnesota in case of a dispute between parties. (*Id.*)

At various times from the date of the first shipment through January 2015, Kavlico issued a number of invoices to Daikin for the transducers. (*Id.* ¶¶ 10, 11.) According to Kavlico's T&Cs, Daikin was obligated to pay Kavlico for the transducers within 30 days of the issuance of invoices. (*Id.* ¶ 9.) Daikin contends that some of the transducers supplied by Kavlico were defective, and has refused to pay 43 of the invoices. (*Id.* ¶ 11.) The unpaid invoices total $128,474.59. (*Id.*)

## III.
## DISCUSSION

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

First, Daikin moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), pursuant to which a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction. *Id.* A factual attack disputes the truth of the allegations that would otherwise confer federal jurisdiction. *Id.*

Daikin brings a factual attack. In resolving a factual attack on jurisdiction, the Court may look beyond the complaint and consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment, and need not presume the truthfulness of the plaintiff's allegations. *Americopters, LLC v. F.A.A.,* 441 F.3d 726, 732 (9th Cir. 2006). Where the moving party presents affidavits or other extrinsic evidence, the opposing party must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). "The party asserting federal jurisdiction has the burden of establishing it." *U.S. v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-02434-DMG (VBKx)** | Date | August 7, 2015 |
|---|---|---|---|
| Title | *Kavlico Corp. v. Daikin Applied Americas, Inc.* | Page | 3 of 5 |

The parties dispute which T&Cs governs the sales transactions. Despite the material differences between the parties' T&Cs regarding whether and where this dispute should be litigated, Daikin contends that this Court "need not decide which party's T&C's govern this dispute" in order to dismiss Kavlico's action under Rule 12(b)(1). Daikin argues that in either case, the Court would not have subject matter jurisdiction. If Kavlico's T&Cs govern, Daikin argues, then Kavlico would have to arbitrate this dispute. On the other hand, if Daikin's T&Cs control, then this dispute would have to be litigated in Minnesota. Daikin misunderstands the concept of subject matter jurisdiction.

Daikin removed the case from California state court to federal district court on its own assertion that the parties' citizenship is diverse. (Notice of Removal at 1.) Although Daikin is correct in asserting that the right to raise subject matter jurisdiction is never waived, Kavlico can certainly use Daikin's admission in its Notice of Removal as evidence to meet its burden of establishing subject matter jurisdiction. (*See* Notice of Removal ¶¶ 5-6 ("Defendant Daikin Applied hereby admits that Defendant Daikin Applied Americas Inc. is a Delaware corporation whose principal place of business is located in Minneapolis, Minnesota.")). Given the parties' diverse citizenship, the Court has subject matter jurisdiction over the case.

Although a court can treat a Rule 12(b)(1) motion as a motion to compel arbitration, *see GT Secs., Inc. v. Klastech GmbH*, 2014 WL 2928013, at *17 (N.D. Cal. June 27, 2014), that would not be appropriate here because Daikin denies that there is a valid arbitration agreement (*see* Mot. at 3), which is necessary to establish arbitrability, and the parties have not adequately briefed this issue. Furthermore, Daikin appears to argue that this Court lacks subject matter jurisdiction on the basis of the forum selection clause in its contract. But "the issues relating to a forum selection clause are distinct from the questions of subject matter jurisdiction." *Miller-Leigh LLC v. Henson*, 152 Cal. App. 4th 1143, 1149, 62 Cal. Rptr. 3d 83 (2007); *see Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289 (11th Cir. 1998). Therefore, this Court would have to decide the issue of which contract controls which transaction(s) before it can reach the questions presented by the arbitration provision in Kavlico's contract or the forum selection clause in Daikin's contract.

**B.**     <u>**Motion to Dismiss for Improper Venue**</u>

Daikin next moves to dismiss under Federal Rules of Civil Procedure 12(b)(3) for improper venue. Pursuant to Rule 12(b)(3), a defendant may seek dismissal of a complaint only if the venue is wrong or improper. In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, __ U.S. __, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013) (concluding that venue is considered to be proper irrespective of an existence of a forum selection clause, as long as the requirements of 28 U.S.C. § 1391(b) are met).

Here, once again, Daikin's sole basis for its motion to dismiss for improper venue is that the provisions in the parties' respective contracts limit the parties either to arbitration in California or to litigation in Hennepin County, Minnesota. Aside from this contention, Daikin provides no evidence that the case at hand fails to meet any federal venue requirements.

In any event, Kavlico has satisfied its initial burden of showing proper venue. Venue in federal court is ordinarily governed by 28 U.S.C. § 1391, but following removal from state court, venue is governed by 28 U.S.C. § 1441(a). *Polizzi v. Cowles Magazines, Inc.* 345 U.S. 663, 665, 73 S. Ct. 900, 902, 97 L. Ed. 1331, 1334 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at 666 (internal quotation omitted). Daikin removed this action to the United States District Court for the Central District of California, which embraces Ventura County, rendering the venue proper pursuant to § 1441(a).

Although a valid forum selection clause could "operate to render the venue improper, not only under § 1391, but also under § 1441(a)," there appears to be a factual dispute as to the validity of the forum-selection clause because the parties disagree on which T&C governs their sales transactions. With respect to this issue, Daikin asserts in its opposition to Kavlico's motion to dismiss in the district court in Minnesota that "the conflicting forum-selection provisions would create a question of fact that this Court cannot resolve on a motion to dismiss." (Declaration of Kurt W. Beyerchen, Jr. in Support of Defendant's Reply Brief in Support of Motion to Dismiss ¶ 3, Exh. A ("Daikin Applied's Opposition to Defendant's Motion to Dismiss or Stay") [Doc. # 14-1].) The same logic applies to the case at hand. Indeed, the district court in Minnesota denied Kavlico's motion to dismiss, though it noted that Kavlico concedes that the forum selection clause was incorporated into the sales agreement for at least some of the allegedly defective transducers at issue. Notice of Order in Related Action, Exh. A [Doc. # 16].

While Daikin "would not object to a transfer of this action to the district court in Hennepin, Minnesota," the Court declines to decide whether to transfer this case, as Daikin has not filed a motion to transfer under 28 U.S.C. § 1404(a) and Kavlico has not had an opportunity to oppose it. Given the fact that the Minnesota district court has denied Kavlico's motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-02434-DMG (VBKx)** | Date | August 7, 2015 |
|---|---|---|---|
| Title | ***Kavlico Corp. v. Daikin Applied Americas, Inc.*** | Page | 5 of 5 |

dismiss, however, the parties may wish to consider the wisdom of litigating this dispute in two separate forums.

In sum, the Court finds that the venue is not improper in this action.

## IV.
## CONCLUSION

In light of the foregoing, Daikin's motion to dismiss on the basis of lack of subject matter jurisdiction and improper venue is **DENIED**, without prejudice to the filing of a properly supported motion or stipulation to transfer venue. Daikin shall file its Answer within 15 days from the date of this Order.

**IT IS SO ORDERED.**